**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4819**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

HAROLD B. HOLCOMBE,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:09-cr-00081-REP-1)

_____

Submitted: March 5, 2010          Decided: April 8, 2010

_____

Before WILKINSON, GREGORY, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Amy L. Austin, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Sara E. Chase, Richard D. Cooke, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold B. Holcombe appeals his sentence of twelve months and one day for driving as a habitual offender, third offense, in violation of 18 U.S.C. § 13 (2006), assimilating Va. Code Ann. § 46.2-357(B)(3) (Michie 2005). For the reasons that follow, we affirm.

Holcombe, who has been adjudged a habitual offender in Virginia, was driving through the Fredericksburg and Spotsylvania National Military Park when he was spotted by a park ranger and pulled over for not wearing a safety belt. At the time, Holcombe's driver's license was suspended.

Holcombe pled guilty to the offense. At sentencing, he requested that he be sentenced to the one-year mandatory minimum term under Virginia law, and that part of his sentence be served in home confinement. Virginia law requires a mandatory minimum sentence of one year for a violation of § 46.2-357(B)(3), all of which must be served in a correctional facility. Holcombe argued that the Assimilated Crimes Act, 18 U.S.C. § 13, affords the district court the discretion to sentence him to a partial term of home confinement in lieu of time in a correctional facility. The district court fully considered the question and determined that it lacked that discretion, that the law required a term of incarceration, and that in any event, the court would not impose home confinement

even if it had the discretion to do so. Because the court unambiguously announced that it would not have permitted Holcombe to serve his sentence under home detention even if it had discretion to do so, Holcombe cannot point to any non-harmless error.[*]

Holcombe further challenges the adequacy of the district court's explanation of its statement that Holcombe would be sentenced to a term of imprisonment regardless of whether it could instead have imposed home confinement for some or all of the applicable term. We have reviewed the record and find no error in the district court's explanation.

The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] We note that both Holcombe and the Government have requested oral argument to address a district court's authority under the circumstances presented to permit a defendant to serve a sentence under home detention in lieu of confinement in a correctional facility. Because there is no non-harmless error alleged, we deny that request.

3